IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-03298-GPG-MEH

ROBERT OTERO,

    Plaintiff,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY,
EVICORE HEALTCHARE MSI, LLC,
HAROLD ALLEN JR., MD.,
JOHN W. MCDONOUGH, D.O., and
BASSEM GEORGY, M.D.,

    Defendants.

## ORDER

Before the Court is Plaintiff Robert Otero's (Plaintiff) Motion to Remand (the Motion) (D. 26). For the reasons stated below, the motion is GRANTED.

Plaintiff filed this action in Colorado state court. Defendants, however, removed this case to federal court. In both the notice of removal and the response to the instant motion, Defendants contend that Plaintiff fraudulently joined Defendant John W. McDonough, D.O. (Dr. McDonough) in order to defeat diversity jurisdiction (*see* D. 1; D. 37). Plaintiff now seeks an order remanding this matter back to Colorado state court. The parties' dispute centers on the fraudulent joinder issue Defendants have raised: if Defendant McDonough was fraudulently joined, the parties must proceed in federal court; however, if Defendant McDonough was properly joined, the Court lacks jurisdiction to hear this action under 28 U.S.C. § 1332 and must remand.

1

Fraudulent joinder is a "narrow exception" to 28 U.S.C. § 1332's requirement of complete diversity among the parties. *Uhland v. Agrigenetics, Inc.*, No. 18-CV-2562-WJM-KMT, 2019 WL 399234, at *3 (D. Colo. Jan. 31, 2019) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). The doctrine "presupposes that the plaintiff in state court named a nondiverse defendant, against whom the plaintiff has no real claim, solely to prevent removal." *Id.* Accordingly, an action may be properly removed (even if the parties are facially non-diverse) if the proponent of removal meets the "heavy burden" of showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

Put differently, the heavy burden of fraudulent joinder can be satisfied by a showing that "there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (alteration in original) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). In determining whether the removal proponent has made such a showing, the Court may look to evidence outside the pleadings. *Estate of Hill v. Allstate Ins. Co.*, 354 F. Supp. 2d 1192, 1196 (D. Colo. 2004). That said, the Court must view all facts "in the light most favorable to the non-removing party and resolve all disputed questions of fact and uncertain legal issues in its favor." *Id.* (citing *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1405 (D. Colo. 1989)). "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was

proper and remand the case to state court." *Frontier Airlines, Inc.*, 758 F. Supp. at 1404 (citing *Dailey v. Elicker*, 447 F. Supp. 436, 439 (D. Colo. 1978)).

Defendants have failed to meet their heavy burden of showing that Plaintiff lacks even a single *possibly* viable cause of action against Dr. McDonough.  Plaintiff has asserted two claims against Dr. McDonough: (1) civil conspiracy and aiding and abetting tortious conduct and (2) violations of the Colorado Organized Crime Control Act, Colorado Revised Statute § 18-17-104 (D. 6 at 16–20).  Because Defendants did not show that Plaintiff cannot establish his first cause of action, the Court declines to consider potential defects they have raised with his second claim for relief.

The gravamen of Plaintiff's civil conspiracy/aiding and abetting claim is that Dr. McDonough conspired with the other Defendants to deny Plaintiff benefits under a health insurance plan he held through Defendant Cigna Health and Life Insurance Company (Cigna), and aided and abetted Cigna's purportedly tortious benefits denial (*id.* at 16–18).  Defendant eviCore Healthcare Msi, LLC (eviCore)—a third-party claims administrator that provides services to Cigna—retained Dr. McDonough to determine if the medical procedure for which Plaintiff requested benefits was medically necessary (*id.*).  McDonough allegedly determined it was not; his conclusion was at least a purported basis for Cigna's benefits denial (*id.* at 17).

Defendants argue that Plaintiff is attempting to circumvent Colorado's insurance-law doctrine intended to insulate third parties from liability for an insurance company's allegedly unreasonable denial of benefits (D. 37 at 6–8).  To this end, Defendants cite several cases holding that third parties who provide services to insurance companies (like Dr. McDonough) generally owe no duty of good faith and fair dealing to insureds (like Plaintiff).  *See Cary v. United of Omaha*

3

*Life Ins. Co.*, 68 P.3d 462, 469 (Colo. 2003) (recognizing that "[i]n the typical insurance case, only the insurer owes the duty of good faith to its insured; agents of the insurance company—even agents involved in claims processing—do not owe a duty, since they do not have the requisite special relationship with the insured"); *Riccatone v. Colorado Choice Health Plans*, 315 P.3d 203, 207 (Colo. App. 2013) ("[A]bsent a financial incentive to deny an insured's claims or coerce a reduced settlement, a third party that investigates and processes an insurance claim does not owe a duty of good faith and fair dealing to the insured."); *Skillet v. Allstate Fire and Casualty Insurance Co.*, 505 P.3d 664, 665 (answering a certified question asking whether an adjuster employed by an insurance company may be personally liable for statutory bad faith in the negative). According to Defendants, these cases express a public policy against individual liability for third parties who work for or with insurance companies (D. 37 at 6–7).

Though Defendants recognize that these cases are not precisely on-point because Plaintiff's claim does not depend on Dr. McDonough's *direct* violation of a duty of good faith and fair dealing to Plaintiff (but rather conspiracy and aiding abetting), they assert that the logic of these decisions is at war with Plaintiff's theories of recovery (*id.* at 6–8). Specifically, they argue that it makes little sense that a plaintiff may generally not bring a direct insurance bad faith claim against a third party in Dr. McDonough's position but could recover for the same conduct on a conspiracy or aiding and abetting theory (*id.*).

This argument is somewhat persuasive but does not defeat the heavy burden required to show fraudulent joinder. A Colorado court could well describe Plaintiff's pleadings as an artful attempt to circumvent the liability prohibitions announced in *Cary*, *Riccatone*, and *Skillet*, and hold that Plaintiff's conspiracy/aiding and abetting claim is not viable. The problem with

4

Defendants' argument—at least in the motion to remand posture—is that no Colorado court appears to have made this jump yet, and this Court will not do so here. Defendants' cases establish that Dr. McDonough likely did not personally owe Plaintiff a duty of good faith and fair dealing under Colorado statutory or common law. As Plaintiff correctly notes, however, Colorado courts generally recognize that a defendant need not owe a plaintiff any sort of special individual duty to be liable for aiding and abetting *another*'s breach of duty. *See Holmes v. Young*, 885 P.2d 305, 308–09 (Colo. App. 1994) (discussing the general requirements for aiding and abetting liability under Colorado law in the context of aiding and abetting a fiduciary's breach of trust). Defendants are effectively asking the Court to recognize a concededly unrecognized carveout to Colorado aiding and abetting law that precludes aiding and abetting liability in insurance cases. Because the Court is bound here to resolve "uncertain legal issues" in Plaintiff's favor, the Court declines to do so.

Defendants also assert that they have adduced evidence conclusively establishing that Defendant McDonough cannot be liable for aiding and abetting or conspiracy. Under Colorado law, aiding and abetting liability requires, among other things, "knowing participation" in another's breach of duty. *Holmes*, 885 P.2d at 308. Similarly, conspiracy requires "a meeting of the minds" among co-conspirators. *Semler v. Hellerstein*, 428 P.3d 555, 562 (Colo. App. 2016). Defendants claim that it is "undisputed" that Dr. McDonough did not know he was assisting in any purported breach of duty on Cigna's part or that there was any meeting of the minds regarding any unlawful objective (D. 37 at 8–12). In support, they cite a declaration from Dr. McDonough stating that he conducted a standard medical records review and had no indication that Cigna was engaged in any kind of improper conduct (*id.* at 9, 11; D. 37-3). But calling an element of a claim

5

"undisputed" does not make it so, and the Court is hesitant to view Dr. McDonough's declaration at this stage as conclusive evidence that he lacked knowledge of Cigna's alleged breach of duty or that there was no meeting of the minds among Defendants. A ruling to the contrary would be at odds with the "heavy burden" removal proponents must meet to show removal was proper. Indeed, to rule otherwise would allow any party to remove a case or defeat a motion to remand by producing a declaration from the non-diverse defendant stating essentially "I did nothing wrong." If that were adequate proof of fraudulent joinder, it strikes the Court that removal proponents could always (and quite easily) establish removal's propriety.

Based on the foregoing, Plaintiff's Motion to Remand (D. 26) is GRANTED. It is FURTHER ORDERED that:

1. All other pending motions (D. 22, D. 24) in this matter are DENIED WITHOUT PREJUDICE; and
2. The Clerk shall REMAND this case to the Eagle County District Court and shall TERMINATE this action.

DATED September 30, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge